United States District Court
District of Massachusetts

```
                                    )
Koku Aboga,                         )
                                    )
            Petitioner,             )
                                    )
      v.                            )     Civil Action No.
                                    )     26-cv-10178-NMG
David Wesling, et al.,              )
                                    )
            Respondents.            )
                                    )
                                    )
```

MEMORANDUM & ORDER

GORTON, J.

This case arises from the petition for writ of habeas corpus (Docket No. 1) of petitioner Koku Aboga ("petitioner" or "Aboga"). Aboga filed his original petition anonymously but is directed henceforth to file pleadings in his real name in compliance with standard practice, see Doe v. Massachusetts Inst. of Tech., 46 F.4th 61 (1st Cir. 2022). To the extent petitioner is required to divulge personal identifying information or sensitive health data, he may choose to redact such information and move the Court to file an unredacted version under seal, see Local Rule 7.2.

Petitioner contends that David Wesling and other named respondents (collectively, "respondents") have subjected him to mandatory detention under 18 U.S.C. §1225 despite his claim that he is entitled to procedures under 18 U.S.C. §1226(a). Because

-1-

the Court finds that he is detained pursuant to §1226(a), his petition will be allowed unless he is afforded the due process under that statute.

## I.   Background

Petitioner is a 39-year-old citizen of Togo.  He entered the United States without inspection in October, 2022.  Upon entry petitioner was processed by immigration officials and released on humanitarian parole pursuant to 8 U.S.C. §1182(d)(5)(A).  Upon reaching his final destination in Scarborough, Maine, several days later, petitioner reported to a local U.S. Immigration and Customs Enforcement ("ICE") office. He was served with a Notice to Appear and released on his own recognizance.

Between his release on personal recognizance in October, 2022, and November, 2025, petitioner missed nine biometric check-ins and failed to complete a virtual office visit, in violation of the terms of his Alternatives to Detention ("ATD"). In November, 2025, ICE issued a Form I-200 warrant for his arrest, which was executed upon petitioner at his workplace. Petitioner remains in ICE custody.

## II.   Petition for Writ of Habeas Corpus

### A. Legal Standard

A petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 permits a prisoner to challenge the administration of his

detention rather than its validity. Dinkins v. Boncher, No. 21-CV-11847-AK, 2022 WL 3021108, at *2 (D. Mass. July 29, 2022). The burden is on petitioner to show that his custody violates the Constitution or laws of the United States. Espinoza v. Sabol, 558 F.3d 83, 89 (1st Cir. 2009).

The procedures under 18 U.S.C. §1225 apply to applicants for admission, who are defined as non-citizens present in the United States who have not been admitted. §1225(a)(1). Section 1225(b)(1) applies to aliens determined to be inadmissible due to fraud, misrepresentation or lack of valid documentation. Jennings v. Rodriguez, 583 U.S. 281, 287 (2018). An alien detained under §1225(b) may be released only if he is paroled for significant public benefit or urgent humanitarian reasons under §1182(d)(5)(A). Such parole is not regarded as an admission of the alien and may be terminated

> upon accomplishment of the purpose for which parole was authorized or when in the opinion of one of [certain specified Department of Homeland Security] officials ..., neither humanitarian reasons nor public benefit warrants the continued presence of the [noncitizen] in the United States.

8 C.F.R. §212.5(e)(2)(i). The Department of Homeland Security must provide written notice to the non-citizen, and he or she is then restored to his or her pre-parole status. Id.

Section 1226(a) establishes a discretionary detention framework for aliens arrested and detained pending removal

-3-

proceedings.   Under that provision, the Attorney General may continue to detain the alien, release him on bond or release him on parole. §§1226(a)(1)-(2). The arresting immigration officer makes an initial custody determination but non-citizens have the right to request a custody redetermination (i.e., bond) hearing before an immigration judge. See 8 C.F.R. §§1236.1(c)(8), (d)(1).

Section 1226(a), rather than §1225(b), applies to aliens who are detained while residing in this country. Guerrero Orellana v. Moniz, 802 F. Supp. 3d 297 (D. Mass. 2025).   If, however, an alien is detained upon the revocation of humanitarian parole under §1182(d)(5)(A), and his original detention was pursuant to §1225(b), then he is returned to custody under that statute. See Banegas v. McDonald, No. CV 25-13161-NMG, 2025 WL 3251395 (D. Mass. Nov. 21, 2025).

**B. Application**

Petitioner asserts that his current detention is unlawful he is entitled to a bond hearing pursuant to §1226(a). Respondents reply that because he was paroled into the United States from his detention under §1225(b)(2), his current detention amounts to a revocation of that parole and he is therefore subject to the detention framework of that statute.

The Court concludes that petitioner is detained pursuant to §1226(a).   While his detention at the border was made under

-4-

§1225(b)(2), and his release pursuant to humanitarian parole under §1182(d)(5)(A), the Court finds that the government reclassified his custodial status as subject to §1226(a).

First, respondents' own records indicate that upon petitioner's arrival in Scarborough, Maine, he was served a notice to appear and then was "released [] on his own recognizance."  As the Court has noted in similar cases, a petitioner's release on his own recognizance is a procedure of the discretionary detention framework of §1226(a), not of the mandatory scheme under §1225. See Vasquez v. Moniz, No. CV 25-13716-NMG, 2025 WL 3719681 (D. Mass. Dec. 23, 2025).

Further, those same records indicate that petitioner was arrested pursuant to a Form I-200 Warrant for Arrest of Alien. Those warrants are authorized under §1226, and other sessions of this Court have found that the use of such warrants is sufficient to establish ongoing custody pursuant to §1226(a). See e.g., Alcantara Lugo et al v. Hyde, No. 1:25-cv-13296-RGS, Docket No. 16 (D. Mass. Dec. 16, 2025).

Finally, revocation of humanitarian parole under §1182(d)(5)(A) requires written notice to be served upon the alien. 8 C.F.R. § 212.5(e)(2)(i).  No such notice was served in this case.  Petitioner's ongoing detention must therefore comport with the procedures of §1226(a).

This case is distinguishable from Banegas, in which this Court found that revocation of parole under §1182(d)(5)(A) returned an alien to mandatory detention under §1225(b).  In that case, the petitioner was not released on his own recognizance nor arrested pursuant to a §1226 warrant and was served notice of the revocation of his parole.  In this case, Aboga has shown that, unlike the petitioner in Banegas, his custodial status was reclassified subject to §1226.  He is therefore entitled to the procedures under that statue.

### ORDER

For the forgoing reasons, along with those set forth in Sampiao v. Hyde, No. 1:25-CV-11981-JEK, 2025 WL 2607924 (D. Mass. Sept. 9, 2025), Lema Zamora v. Noem, No. 25-cv-12750-NMG, 2025 WL 2958879 (D. Mass. Oct. 17, 2025) and Lopez-Monteros v. Hyde, No. 25-cv-12629-NMG (D. Mass. Oct. 27, 2025), the petition for writ of habeas corpus (Docket No. 1) is **ALLOWED**.  The Court directs that Aboga is to be released unless he is afforded a bond hearing that complies with the standards in Hernandez-Lara v. Lyons, 10 F.4th 19 (1st Cir. 2021), within seven days of the date of this order.

**So ordered.**

_____
Nathaniel M. Gorton
Senior United States District Judge

Dated: March 6 , 2026

-6-